UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CACHE VALLEY BANK,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [11] DEFENDANT'S PARTIAL MOTION TO DISMISS**<br><br>Case No. 1:25-cv-00148-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Partial Motion to Dismiss Plaintiff Cache Valley Bank's ("CVB") Amended Complaint.[1] For the reasons below, the court grants Chase's motion to dismiss CVB's enforcement of obligation on an altered instrument claim and common law negligence claim.[2]

## BACKGROUND

The dispute in this case arises from a single check written by a customer of CVB and deposited by a customer of Chase.[3] JM Mechanical issued a check from its account at CVB in the amount of $86,464.41 payable to Hercules Industries, Inc ("Hercules").[4] The check was placed in the mail, but before it reached Hercules, it was allegedly intercepted and altered to read "Nicola E. Bailey" as the payee ("Subject Check").[5] The Subject Check was then deposited at

---

[1] Def.'s Partial Mot. to Dismiss ("Motion"), ECF No. 11, filed Nov. 3, 2025.
[2] Chase does not challenge CVB's breach of presentment warranty claim pursuant to Uniform Commercial Code ("UCC") § 79A-4-208(1)(b). *See* Motion 1.
[3] Motion 1.
[4] Am. Compl. ¶ 8, ECF No. 9, filed Oct. 20, 2025.
[5] *Id.* ¶¶ 9–10.

Chase into Ms. Bailey's account and paid by CVB.[6] JM Mechanical alerted CVB that Ms. Bailey did not have authority to negotiate or deposit the check, and CVB reimbursed JM Mechanical.[7] When Chase denied CVB's formal indemnity request, CVB filed a complaint in the First District Court of Utah, and the case was removed to federal court.[8]

## STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."[9] A complaint that falls short of this standard may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to the plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[10] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[11]

However, a "complaint cannot rely on labels or conclusory allegations—a 'formulaic recitation of the elements of a cause of action will not do.'"[12] Instead, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13]

---

[6] *Id.* ¶¶ 11, 16, 18.
[7] *Id.* ¶¶ 19–20.
[8] Motion 2; Notice of Removal, ECF No. 1, filed Sept. 26, 2025.
[9] Fed. R. Civ. P. 8(a)(2).
[10] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (quoting *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)). *See also* Fed. R. Civ. P. 12(b)(6).
[11] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1131 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[12] *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2521 (2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"When analyzing plausibility, plaintiff's allegations are 'read in the context of the entire complaint' and a plaintiff need only 'nudge' their claim 'across the line from conceivable to plausible.'"[14] Thus, a court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."[15]

## DISCUSSION

CVB raises two claims that Chase has moved to dismiss.[16] First, CVB alleges a Uniform Commercial Code ("UCC") claim to preclude enforcement of obligation on altered instrument.[17] Chase responds that the claim fails because CVB misinterprets which UCC provision is appropriate for its claim, and even under the correct provision, the claim fails as a matter of law.[18] Second, CVB alleges common law negligence against Chase.[19] In response, Chase asserts the negligence claim fails because the UCC preempts it and even if it did not, Chase does not owe a duty of care to CVB.[20] The court addresses each claim in turn.

## I.      Obligation on Altered Instrument Claim

CVB argues that alteration of the Subject Check discharges its obligation to pay on it.[21] For support, CVB cites section 70A-3-407 of Utah's UCC,[22] which defines "[alteration]" of negotiable instruments.[23] In response, Chase points to the lack of any authority in CVB's

---

[14] *Greer*, 83 F.4th at 1292 (quoting *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022)) (also quoting *Twombly*, 550 U.S. at 570) (cleaned up).
[15] *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).
[16] Motion 1–2.
[17] Am. Compl. ¶¶ 32–35.
[18] Motion 2–3.
[19] Am. Compl. ¶¶ 36–42.
[20] Motion 2.
[21] Am. Compl. ¶¶ 33–35.
[22] Utah's Uniform Commercial Code is codified in chapters 1 through 11 of Title 70A of the Utah Code.
[23] *Id.*; Utah Code Ann. § 70A-3-407.

briefing or this jurisdiction that suggests this alteration provision is the appropriate statutory basis for this cause of action.[24] Instead, Chase asserts this claim is yet another presentment warranty argument[25] and should be governed by Utah Code § 70A-4-208(1)(a).[26]

"Because the Uniform Commercial Code is national in character, case law interpreting it is also national. Consequently, where Utah's version of the U.C.C. is uniform, we rely on case law from other jurisdictions to interpret the Code."[27] Despite the lack of case law from this jurisdiction on whether section 70A-3-407 may establish an independent cause of action,[28] the issue has been addressed elsewhere. For example, the Northern District of New York recently analyzed its adoption of UCC § 3-407 to determine if the defendant breached the presentment warranty.[29] There, the alteration provision provided a framework for determining the materiality of the alteration under a presentment warranty claim, but it did not establish an independent cause of action.[30] Likewise, various courts across the country share this view and use the alteration provision in support of other claims of action, but not as a standalone cause of action.[31] And CVB provides no cite to any case finding an independent cause of action based on UCC § 3-

---

[24] Def.'s Reply in Support of Partial Mot. to Dismiss ("Reply") 11, ECF No. 20, filed Jan. 7, 2026.

[25] CVB's first cause of action alleges breach of presentment warranties under § 70A-4-208.

[26] Reply 11–13.

[27] *Lewiston State Bank v. Greenline Equip., LLC*, 2006 UT App 446, ¶ 15 n.7, 147 P.3d 951 (citing *Power Sys. & Controls v. Keith's Elec. Constr. Co.,* 765 P.2d 5, 10 n. 2 (Utah Ct. App. 1988) (internal citation omitted)); *Dale K. Barker Co. PC CPA Profit Sharing Plan v. Turner*, 2021 UT App 119, ¶ 22, 500 P.3d 940.

[28] *See, e.g.*, *Zions First Nat'l Bank v. Rocky Mt. Irrigation*, 795 P.2d 658, 662 (Utah 1990) (considering only whether alleged alterations on loan documents were material for a fraud claim pursuant to the section's definition of "alteration").

[29] *Cmty. Bank, N.A. v. JPMorgan Chase & Co.*, 761 F. Supp. 3d 469, 474–76 (N.D.N.Y. Dec. 23, 2024).

[30] *Id.*

[31] *See, e.g.*, *Colfax v. JPMorgan Chase Bank, N.A.*, No. 14-cv-760, 2015 WL 3620987, at *1 (N.D. Okla. June 9, 2015) (applying § 4-307's definition of alteration to claims for breach of contract, defamation, and violation of the Fair Credit Reporting Act); *Bank of Am., N.A. v. Amarillo Nat. Bank*, 156 S.W.3d 108, 111 (Tex. App. 2004) (applying § 3-407's definition of alteration to determine whether defendant had violated the presentment warranty); *Cervantes v. West End 3199 REO LLC*, 2018 WL 6727823, at *5–6 (N.D. Cal. Dec. 21, 2018) (dismissing pro se plaintiff's UCC § 3-407 "fraudulent alteration of loan documents" claim for failure to state a plausible claim for relief).

407. Moreover, CVB argues this claim does not fall under the presentment warranty provision, but its own briefing—that "when [Chase] presented the altered check for payment, [Chase] was not entitled to enforce the instrument"—suggests otherwise.[32]

Utah Code § 70A-4-208 governs presentment warranties.[33] The two relevant warranties in this case are found in subsection (1)(a) and subsection (1)(b):

> (a) the warrantor is, or was, at the time the warrantor transferred the draft, a person entitled to enforce the draft or authorized to obtain payment or acceptance of the draft on behalf of a person entitled to enforce the draft;
>
> (b) the draft has not been altered.[34]

Chase does not move to dismiss CVB's claim based on subsection (1)(b)'s warranty but argues CVB's claim that Chase is not entitled to enforce the Subject Check falls under subsection (1)(a)'s warranty.[35] Subsection (1)(a) requires a "warrantor," such as Chase, to warrant that it is "a person [or entity] entitled to enforce the draft."[36] The UCC defines a person entitled to enforce a negotiable instrument as a "holder."[37] The status of "holder" is obtained through "[n]egotiation," or the "transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder."[38] And the UCC defines an "item" as "an instrument or a promise or order to pay money handled by a bank for collection or payment."[39]

---

[32] Pl.'s Opp'n to Mot. for Partial Dismissal ("Opp'n") 10, ECF No. 17, filed Dec. 1, 2025.

[33] Presentment is "[t]he formal production of a negotiable instrument for acceptance or payment; especially, a demand for acceptance or payment made on the maker, acceptor, drawee, or other payor by or on behalf of the holder." *Black's Law Dictionary* (12th ed. 2024).

[34] Utah Code Ann. § 70A-4-208(1)(a)–(b).

[35] *See supra* n.2; Motion 16–18.

[36] Utah Code Ann. § 70A-4-208(1)(a).

[37] *Id.* § 70A-3-301.

[38] *Id.* § 70A-3-201(1).

[39] *Id.* § 70A-4-104(1)(i).

Under this statutory framework, the Subject Check qualifies as an "item" under the UCC, despite being counterfeit.[40] "Indeed, courts have been persuaded to treat[] forged and/or counterfeit checks as 'items' under the UCC."[41] As a result, Chase is the "holder" of the Subject Check under the UCC and is entitled to enforce the Subject Check.[42] Chase became the "holder" of the Subject Check when it was deposited into Ms. Bailey's account.[43] As such, Chase was entitled to enforce the Subject Check.[44] And despite being altered, the Subject Check satisfies the UCC's definition of "item" because it was an "order to pay money handled by a bank for collection or payment."[45]

As a matter of law, then, Chase did not violate its presentment warranty under § 70-A-4-208(1)(a). Therefore, CVB's alteration claim fails because it does not "sufficiently allege[] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."[46]

## II.   Negligence Claim

When a common law claim is asserted in the context of commercial transactions governed by the UCC, the threshold issue is whether the UCC preempts the common law claim. "Statutes 'may preempt the common law either by governing an area in so pervasive a manner that it displaces the common law' (field preemption) 'or by directly conflicting with the common

---

[40] *Id.*
[41] *Firstar Bank, N.A. v. Wells Fargo Bank, N.A.*, No. 02-C-186, 2004 WL 1323942, at *6 (N.D. Ill. June 14, 2004).
[42] Utah Code Ann. §§ 70A-4-205, 70A-1a-201(2)(v).
[43] *See id.* § 70A-3-201(1).
[44] *See id.* § 70A-3-301.
[45] *See id.* § 70A-4-104(1)(i).
[46] *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

law' (conflict preemption)."[47] Statutes may also "implicitly or expressly" save a common law claim, such as with "a savings clause [that] can expressly preserve common law remedies . . . ."[48] "The Utah UCC was enacted to 'simplify, clarify, and modernize the law governing commercial transactions' as well as to 'make uniform the law among the various jurisdictions.'"[49]

With this context in mind, the court turns to Chase's argument that CVB's common law negligence claim should be dismissed because it conflicts with the UCC's applicable provision that imposes strict liability on CVB.[50]

### A.      UCC Preemption on Liability

Liability for payor banks involved in the presentment of a negotiable instrument is governed by Utah Code §§ 70A-4-208 and 70A-4-302.[51] Under Section 4-302, payor banks are strictly liable for the amount of a check when the bank "does not pay or return the item or send notice of dishonor until after its midnight deadline."[52] The two exceptions for liability—set forth in section 4-302(2)—are "defenses based on a presentment warranty, Section 70A-4-208, or proof that the person seeking enforcement of the liability presented or transferred the item for the purpose of defrauding the payor bank."[53] In other words, the liability under Section 4-302 is

---

[47] *In re Estate of Hannifin*, 2013 UT 46, ¶ 10, 311 P.3d 1016 (quoting *OLP, LLC v. Burningham*, 2009 UT 75, ¶ 16, 225 P.3d 177).
[48] *In re Estate of Osguthorpe*, 2021 UT 23, ¶¶ 64–65, 491 P.3d 894.
[49] *Pope v. Wells Fargo Bank, N.A.*, No. 2:23-cv-86, 2023 WL 9604555, at *5 (D. Utah Dec. 27, 2023).
[50] Motion ii, 6–16.
[51] Utah Code Ann. § 70A-4-302.
[52] *Id.*; *In re Castletons, Inc.*, 990 F.2d 551, 558 (10th Cir. 1993) (describing the "strict liability imposed by Utah's late check return statute," which "is modeled after U.C.C. § 4-302"); *Lanning v. Wells Fargo Bank, N.A.*, A-05-CA-1041, 2006 WL 8435012, at *3 (W.D. Tex. May 17, 2006) ("Section 4.302 acts to hold payor banks strictly accountable for the value of checks that they fail to return by their midnight deadline, subject only to the defenses set forth in the statute."); *Channel Equip. Co. v. Cmty. State Bank*, 996 S.W.2d 374, 379 (Tex. App.-Austin 1999, no writ) (noting other jurisdictions around the country have similarly imposed strict liability on payor banks).
[53] Utah Code Ann. § 70A-4-302(2).

"subject only to the defenses set forth in the statute."[54] Because CVB does not allege that Chase knew the Subject Check was unauthorized by JM Mechanical, the only available defense would be a presentment warranty claim.[55]

Thus, conflict preemption applies here because the UCC's specific liability framework hinges on the objective issue of whether a check is altered or counterfeit, not on a subjective finding of reasonable care, which must be made to establish negligence.[56] And because a negligence claim adds an inconsistent liability requirement, the UCC preempts the common law claim to avoid the "irreconcilable conflict" between the two.[57] Furthermore, UCC preemption on liability in this context squares with the "underlying purposes and policies of the UCC, [which] are (a) to simplify, clarify and modernize the law governing commercial transactions; (b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties; [and] (c) to make uniform the law among the various jurisdictions."[58] For this reason, the court follows the numerous cases that have repeatedly held that common law negligence claims are precluded by the UCC.[59]

---

[54] *Lanning*, 2006 WL 8435012, at *3.

[55] *See* Am. Compl.; Motion i. *See also supra* n.2, explaining that CVB's presentment warranty claim is not at issue in this motion. Reply 3 n.1 (asserting that CVB's presentment warranty claim under § 70A-4-208(1)(b) is "the only viable claim" in the Amended Complaint).

[56] *See* Utah Code Ann. § 70A-4-208(1)(b) (considering whether "the draft has not been altered"); *Mower v. Baird*, 2018 UT 29, ¶ 42, 422 P.3d 837 ("The traditional common law duty is framed as a duty of reasonable care.") (cleaned up).

[57] *Osguthorpe*, 2021 UT 23, ¶ 64.

[58] *Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794 P.2d 11, 16–17 (Utah 1990) (cleaned up).

[59] *See, e.g.*, *Abbasid, Inc. v. First Nat'l Bank of Santa Fe*, No. CV-09-00347, 2010 WL 11509104, at *4 (D.N.M. Feb. 10, 2010) (agreeing with the "large number of courts [that] have refused to recognize common-law or non-UCC claims in general, and specifically common-law or non-UCC negligence claims or conversion claims, arising from transactions governed by Articles 3 or 4"); *Pope v. Wells Fargo Bank, N.A.*, No. 2:23-cv-86, 2023 WL 9604555, at *5 (D. Utah Dec. 27, 2023) (dismissing negligence claim as preempted by Article 4A of the UCC); *Rupp v. Bank One, N.A.*, No. 2:03-cv-801, 2005 WL 5988660, at *1 (D. Utah July 14, 2005) (granting motion in limine to exclude evidence of equitable doctrine of unclean hands as "preempted by the statutory scheme" of the UCC); *Tatis v. U.S. Bancorp*, No. 1:03-cv-378, 2005 WL 3307345, at *7 (S.D. Ohio Dec. 6, 2005), *aff'd* 473 F.3d 672 (6th Cir. 2007) (holding that the "district court correctly held that Tatis could not recover on an alternate, common-law theory of

## B.      Duty of Care

Even if the UCC's liability provisions did not preempt CVB's negligence claim, it would still fail because CVB cannot establish the threshold requirement of a duty.

Under Utah law,[60] there are four "essential elements of a negligence claim" that a plaintiff must establish: "(1) a duty of reasonable care owed by the defendant to plaintiff; (2) a breach of that duty; (3) the causation, both actually and proximately, of injury; and (4) the suffering of damages by the plaintiff."[61] "Duty arises out of the relationship between the parties and imposes a legal obligation on one party for the benefit of the other party."[62] Whether duty exists is a matter of law.[63] "Without a duty, there can be no negligence as a matter of law[.]"[64]

"[Utah's] legislature has adopted certain portions of the UCC" and interpreted them accordingly.[65] Utah's Article 4, like its national counterpart, "appl[ies] to checks and traditional, written, monetary instruments."[66] As CVB points out, almost forty years ago, *Arrow Industries, Inc. v. Zions First National Bank* held that Article 4 of the UCC "recognizes a bank's duty to act in good faith and exercise ordinary care in all its dealings."[67] However, *Arrow* is inapposite. It is factually distinct because the payee had a contractual agreement with the payor bank, whereas in

---

liability" because the UCC preempted the claim); *First Realty Prop. Mgmt., Ltd. v. McDonald & Co. Sec., Inc.*, 1:07-cv-2226, 2008 WL 80062, at * 3–4 (N.D. Ohio Jan. 4, 2008) (dismissing common law negligence claim as preempted by the UCC).

[60] The parties agree that Utah law governs CVB's negligence cause of action.

[61] *Gables at Sterling Vill. Homeowners Ass'n, Inc. v. Castlewood-Sterling Vill. I, LLC*, 2018 UT 04, ¶ 55, 417 P.3d 95 (quoting *Williams v. Melby*, 699 P.2d 723, 726 (Utah 1985)).

[62] *Torrie v. Weber Cnty.*, 2013 UT 48, ¶ 9, 309 P.3d 216 (citation omitted).

[63] *See id.*

[64] *Simons v. Sanpete Cnty.*, 2018 UT App 106, ¶ 10, 427 P.3d 467 (quoting *Nelson ex rel. Stuckman v. Salt Lake City*, 919 P.2d 568, 572 (Utah 1996).

[65] *Legal Tender*, 2022 UT App 26, ¶ 54.

[66] *Id.* ¶¶ 58, 66–67 (quoting *Hospicomm, Inc. v. Fleet Bank, N.A.*, 338 F. Supp. 2d 578, 586 (E.D. Pa. 2004).

[67] *Arrow Indus., Inc. v. Zions First Nat'l Bank,* 767 P.2d 935, 938 (Utah 1988).

this case there is no such agreement.[68] And its holding did not address whether a bank owes a duty "to a noncustomer, or to one who is not contractually related to the bank."[69] Moreover, its holding has been expressly limited in subsequent cases, most recently just three years ago.[70] Under current Utah law, "banks owe noncustomers no duty" in the absence of a "customer or contractual relationship."[71] Thus, the duty of care recognized in Utah's Article 4 does not apply to transactions between contractually unrelated parties.[72] "Other courts have reached the same conclusion."[73]

In sum, CVB's negligence claim fails because it cannot establish that Chase owed CVB a duty of reasonable care.

---

[68] *Id.* at 938–39; *Ramsey v. Hancock*, 2003 UT App 319, ¶ 9 n.4, 79 P.3d 423.

[69] *Ramsey*, 2003 UT App 319, ¶ 9 n.4.

[70] *See Ramsey*, 2003 UT App 319, ¶ 20; *Legal Tender*, 2022 UT App 26, ¶ 75. "CVB also argues that *Check City, Inc. v. L & T Enters.*'s dismissal of a negligence counterclaim on the grounds it was insufficiently pleaded implies the validity of the claim. *See* Opp'n 8. However, the seven-paragraph opinion warned against such an implication from their acknowledgement that the plaintiff raised a negligence claim: "In so noting, we do not mean to suggest that common law negligence jurisprudence has free rein whenever a case involving commercial paper is brought on a negligence theory. Quite the opposite is true." 2010 UT App 198, ¶ 3 n.5, 237 P.3d 910. In any event, subsequent cases that have actually addressed negligence in a similar context make CVB's interpretation unsupportable.

[71] *Legal Tender*, 2022 UT App 26, ¶ 73 (citing *Ramsey*, 2003 UT App 319, ¶ 17).

[72] *See id.* ¶ 77 (concluding that "under *Ramsey*, a bank's duty to act in good faith and exercise ordinary care is . . . governed by the non-bank party's status as customer or noncustomer").

[73] *Id.* ¶ 55; (collecting cases). *See, e.g.*, *Zero Down Supply Chain Sols., Inc. v. Global Transp. Sols., Inc.*, No. 2:07-cv-400, 2008 WL 4642975, at *12 (D. Utah Oct. 17, 2008) (directing the plaintiffs "to discover and submit evidence regarding their relationship with" the bank before determining whether the bank owed a duty to those plaintiffs); *Shane Smith Enters., Inc. v. Bank of Am., N.A.*, No. 4:06-cv-00376, 2007 WL 1880201, at *2 (E.D. Ark. June 29, 2007) ("In cases where a noncustomer asserted a negligence claim against a bank for failing to prevent a customer of the bank from depositing stolen checks, the overwhelming majority of courts have ruled that the bank did not owe a duty of reasonable care to the noncustomer.") (collecting cases); *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 227 (4th Cir. 2002) ("We are persuaded by the reasoning articulated in the numerous cases holding that a bank does not owe noncustomers a duty of care."); *Smith v. AmSouth Bank, Inc.*, 892 So. 2d 905, 909 n.2 (Ala. 2004) (collecting cases to support the proposition that "banks owe no duty of care to noncustomers").

## ORDER

Accordingly, Chase's Partial Motion to Dismiss is GRANTED. CVB's enforcement of obligation on an altered instrument claim and common law negligence claim are dismissed without prejudice.[74]

Signed March 24, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[74] ECF No. 11.